**Victoria B. Figures and Jim Figures, Plaintiffs-Appellees, v. Harold O. Swank, Director, Illinois Department of Public Aid, Illinois Department of Public Aid, and Cook County Department of Public Aid, Defendants-Appellants.**

**Gen. No. 53,864.**

First District.
August 21, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel), for appellants.

Robert M. Berger, of Chicago (Gordon H. S. Scott and Charles Barnhill, of counsel), for appellees.

MORAN, P. J.

This appeal requires us to construe section 12–4.11 of the Illinois Public Aid Code (Ill Rev Stats 1967, c 23, § 12–4.11).

The Cook County Department of Public Aid has denied plaintiffs a security deposit for one month's rent in their efforts to secure adequate shelter, on the basis that such deposit payments are not authorized by the Illinois Department of Public Aid. It is the adopted policy of the Illinois Department of Public Aid to offer to guarantee up to one month's rent in lieu of the rent security deposit in cases where such is required by the landlord in standard housing. On June 11, 1968, Mrs. Figures filed a written notice of appeal from the decision of the Cook County Department which the Illinois Department affirmed. Plaintiffs then sought review of this decision in the Circuit Court of Cook County under the Administrative Review Act. The trial court held that "Section 12–4.11 of the Illinois Public Aid Code does not permit the Public Aid Department to establish and enforce a general policy of refusing in all cases to furnish aid recipients with a cash security deposit of one month's rent regardless of the facts or circumstances of the particular case or the need of a particular aid recipient to be furnished with such a deposit in order to obtain adequate shelter; and defendants erroneously construed Section 12–4.11 of the Public Aid Code by establishing and enforcing" such general policy, and ordered defendants to furnish to plaintiffs an amount in cash equal to the security deposit which plaintiffs' present or prospective landlord requires to be paid as a security deposit, not to exceed the amount of one month's rent, in addition to any grants to which plaintiffs are entitled. We agree.

Plaintiffs, Jim and Victoria A. Figures, and their four minor children and one minor grandchild are recipients of and solely supported by Social Security Disability payments and payments from the Cook County Department

of Public Aid. Mrs. Figures has been seeking adequate shelter since March, 1966, when her family moved from Arkansas to Illinois. She had been receiving a rental allowance of $105 per month from the Cook County Department of Public Aid from April, 1967 until April, 1968 when this rental payment was withheld from the landlord due to Building Code violations, and the Department advised the Figures family to move. This apartment had been adequate for the size of their family. Since September, 1967, Mrs. Figures has made numerous and diligent attempts, without success, to locate primarily a three-bedroom apartment in standard housing in the community, including the Woodlawn and the Lawndale areas of Chicago, where the majority of landlords require a one-month's cash security deposit in advance. She has reported to the County Department some fifteen or more apartment vacancies in which a rent security deposit was required by the landlord. Of these, all but one was considered substandard housing by the County Department. This exception occurred in May, 1968, when the landlord rented the apartment to another person with a security deposit before Mrs. Figures could make the security deposit payment and rent the apartment.

Subsequent to the date the Illinois Department rendered its decision in this case, the Figures family moved into an apartment in a Chicago Housing Authority Project which requires as part of its general policy that tenants pay a cash security deposit of one month's rent, plus an additional $24 payable in $5 monthly installments. The Cook County Department of Public Aid continues to refuse to furnish this security deposit and plaintiffs are compelled to divert this amount from their other social security and public aid payments.

The relevant portions of section 12–4.11 provide:

"Standards of Assistance—Content—Limitations. Establish standards by which need for public aid

214

will be determined and amend such standards from time to time as circumstances may require.

"The standards shall provide a livelihood compatible with health and well-being for persons eligible for financial aid under any Article of this Code.

. . .
" . . .

"In establishing a standard for shelter, the Department shall take into account in each community the prevailing rates or costs for housing of low income persons and the factors which influence the level of such rates or charges. However, the shelter standard for any recipient, exclusive of household furnishings and utilities, shall not exceed $90 per month, except for adjustments made in the manner authorized by Section 12–14. *If recipients can obtain adequate shelter only if a security deposit is given the landlord, the Department may furnish one month's rent as a security deposit.* This provision shall be operative only to the extent that Federal participation in program costs is not adversely affected by such programs, and does not foster the granting of duplicate assistance.

" . . .

"In establishing standards under this Section the Illinois Department shall consult with the Legislative Advisory Committee, as provided in Section 12–14." (Emphasis added.)

The trial court found and the defendants concede that the Figures family was able to obtain adequate shelter if, and only if, a cash security deposit of one month's rent was furnished to them or to the landlord on their behalf, and further that the defendant's sole reason for refusing to furnish Mrs. Figures with a cash security deposit is its inflexible general policy of refusing to authorize such deposits in all cases.

Defendants assert that it was the legislative intention that this provision be permissive and that the decision as to whether such payments should be made was to be discretionary as is shown by the circumstances surrounding the enactment of this provision and the use of the word "may." We agree that the statute vests certain discretion in the Departments of Public Aid, but not to the extent urged by defendants.

The last sentence of the fifth paragraph of section 12–14.11 leaves to the Illinois Department the determination whether furnishing one month's rent as a security deposit adversely affects federal participation in program costs or fosters the granting of duplicate assistance. Either determination would cause the provision to be inoperative. There has been no showing by defendants that either determination has been made in this case or with respect to this program. In addition, payment by the department of cash security deposits rests on the proviso that "recipients can obtain adequate shelter only if a security deposit is given the landlord." As previously conceded by defendants, plaintiffs qualify under this proviso. Beyond these three areas of discretion set forth in the statute, we find no discretion for the defendants to adopt a general policy of refusing to furnish any security deposits to public aid recipients because payment of such a deposit is thereafter mandatory.

It has been stated as a rule of construction that "the word 'may' in a statute, will be construed to mean 'shall' whenever the rights of the public or third persons depend upon the exercise of the power of the performance of the duty to which it refers and such is its meaning in all cases where the public interest and right are concerned or a public duty is imposed upon public officers and the public or third persons have a claim de jure that the power shall be exercised," or where it is necessary to construe it to carry out the intent of the legislature. Brokaw v. Bloomington Tp. Highway Com'rs, 130 Ill 482,

22 NE 596. See also People v. Commissioners of Highways of Sullivant Tp., 270 Ill 141, 110 NE 347; Young v. Carey, 184 Ill 613, 56 NE 960. Defendants argue that the only interest in whether a month's security deposit shall be paid is an interest of the individual landlords and of the public aid recipients and not a public interest or an interest de jure. However, the enunciated purpose and pervasive theme of the Public Aid Code is to "assist in the alleviation and prevention of poverty and thereby to protect and promote the health and welfare of all the people of this state." (Ill Rev Stats 1967, c 23, § 1–1, par 1.) Prior to 1967, this section read, "assistance and services for persons who are unable to provide themselves with the minimum standard of living compatible with decency and health are hereby declared to be special matters of the public concern and a necessity in promoting the public health and welfare." (Ill Rev Stats 1965, c 23, § 1–1.) Since payments of security deposits have been deemed necessary to effectuate these purposes (Report of the Legislative Commission on Low Income Housing, April 10, 1967) and to provide recipients "a livelihood compatible with health and well-being for persons eligible for financial aid," (Ill Rev Stats 1967, c 23, § 12–4.11) we believe it is in the public interest that these payments be made where authorized by statute.

■ The Illinois Department of Public Aid contends that it has an absolute, unregulated discretion under the Illiniois Public Aid Code to pay or not to pay the deposit in all cases. In other words, it is defendants' contention that the part of the Illinois Public Aid Code which provides for the payment of a one month's security payment for qualified public aid recipients does not become operative unless the department determines that it should. The interpretation contended by the director would cast doubt upon the constitutionality of that portion of the Illinois Public Aid Code because a statute or ordinance which in effect reposes an absolute, unregulated and undefined

discretion in an administrative agency bestows arbitrary powers and is an unlawful delegation of legislative powers. 1 Am Jur2d 908; McDougall v. Lueder, 389 Ill 141, 58 NE2d 899.

Indeed, defendants' refusal to make these payments frustrates the legislative intent of the statute. This legislation was the result of the recommendation of the Legislative Commission on Low Income Housing (supra), that county departments be authorized to pay security deposits demanded of public aid recipients in order to seek and acquire more decent housing which was based on the realization that many recipients of public aid were occupying substandard housing in Chicago because they were unable to furnish the security deposits demanded by owners of adequate apartments.

From this we conclude that the intent of the legislature was that the Illinois Department of Public Aid authorize and the county departments grant security deposits of one month's rent to recipients who are qualified under section 12–4.11, as previously discussed. This section should not be construed so literally as to defeat its obvious purpose.

Defendants have suggested that they would be required to pay out an amount equal to the rent budget for one month ($6,887,754 in February, 1969) if required to make one month's security deposit for recipients of public aid and that the legislature made no addition or supplemental appropriation to permit the defendants to make such security deposit payments. But, as plaintiffs point out, the statute requires that security deposits be furnished not in all cases, but only when necessary to obtain shelter for a particular recipient. In addition, because security deposits are refunded when the tenancy is terminated, the furnishing of deposits involves an initial outlay but much smaller recurring costs and, indeed, we must assume that where the legislature authorizes additional expenditures for a department that it

intended to make appropriations commensurate with that authorization.

■ Accordingly, we hold that the Illinois Department of Public Aid is required to make available security deposits to recipients of public aid otherwise eligible unless it determines that furnishing such deposits adversely affects federal participation program costs or fosters a granting of duplicate assistance, or unless it determines in a particular case that furnishing a deposit is not necessary to obtain adequate shelter for the recipient, and that the trial court was correct in ordering defendants to furnish plaintiffs with a cash security deposit of one month's rent.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.