JACK W. STAFFORD, Plaintiff-Appellant, *v.* WILLIAM M. BOWLING, Director of the Department of Labor, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 79-1255

Opinion filed June 18, 1980.

Frederick J. Daley, Jr., of Cook County Legal Assistance Foundation, Inc., of Harvey, for appellant.

William J. Scott, Attorney General, of Chicago (Richard J. Puchalski, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

Seeking declaratory and injunctive relief, the plaintiff filed suit in the circuit court asking for the common law writs of certiorari and mandamus to review the actions and policies of the Illinois Department of Labor (the Department) under the Wage Payment and Collection Act (Ill. Rev. Stat. 1977, ch. 48, par. 39m—1 *et seq.*) (the Act). Holding that the Act authorized but did not require the Department to take certain actions to assist the plaintiff, the circuit court dismissed the complaint. The Act empowers the Department to follow several different paths in assisting plaintiffs, but it is up to the Department to choose which one it will follow in any particular case. The circuit court correctly dismissed the complaint.

In April 1978, the plaintiff filed a wage claim with the Department against his employer pursuant to section 5 of the Act. The claim was for vacation time that the plaintiff had accrued but for which he had not been paid. In July 1978, a hearing examiner representing the Department heard the claim. Both parties were present and represented by counsel. The hearing examiner declined to subpoena the plaintiff's vacation records. The hearing examiner held in the employer's favor but in doing so used the criminal standard of proof—beyond a reasonable doubt. Two weeks later the plaintiff filed a complaint in the circuit court seeking administrative review of the decision. The Department answered by suggesting that the Wage Payment and Collection Act did not fall under the Administrative Review Act. The plaintiff then amended his complaint to seek the common law writs, filing both a personal and a class action count. ■■ It is not necessary to explore in detail the nature of either the writ of certiorari or the writ of mandamus. Neither will lie to review or compel the performance of a discretionary act. (*McKeown v. Moore* (1922), 303 Ill. 448, 454, 135 N.E. 747, 749; *People ex rel. Rappaport v. Drazek* (1975), 30 Ill. App. 3d 310, 314, 332 N.E.2d 532, 535.) A short review of the Wage Payment and Collection Act demonstrates that while it offers the Department several different ways to assist employees in collecting their wages, it grants the Department discretion to choose which, if any, of the options to use.

The Act became law in 1974, replacing several existing statutes. (See Ill. Rev. Stat. 1973, ch. 48, pars. 32-35, 36-37a, 38-39, 39g-39m.) These provisions had once each been enacted separately, and though their subject matter was similar, each carried its own administrative or penalty section. When the Wage Payment and Collection Act was passed into law, it consolidated the old substantive provisions and added some new ones, but carried over many of the already existing penalty provisions, applying them to the whole act. (See Ill. Rev. Stat. 1977, ch. 48, par. 39m—6,

39m—11, 39m—12, 39m—14.) The result is that the new act contains several different types of penalities for violations, types which before applied to only one substantive provision but which now can be applied to any violation. For example, the conciliation powers of the Department now can be applied to such violations as part payment of wages or payment in scrip; they once were available only for late payment of wages.

The 1974 act also made several important additions to the statutory regulation of wage payment and collection. The Department of Labor was given authority in section 11 to institute misdemeanor actions for violations of the Act. That authority had previously rested in the State's Attorneys in the various counties. (Ill. Rev. Stat. 1973, ch. 48, par. 35.) The Department was also authorized in section 6 for the first time to prosecute class action suits on behalf of employees in the collection of their wages.

Under the present act, therefore, the Department, charged with the duty to inquire diligently into violation of the Act (section 12), has an arsenal of measures it may take to assist unpaid employees. It may offer an investigation and conciliation service to the employer and employee, as it apparently did here for the plaintiff. (Section 11(a).) If conciliation fails, it may make findings of fact and order the employer to pay the wages owed to the employee, thus increasing the employer's eventual liability by adding liquidated penalty damages. (Section 14.) It may provide assistance, in the form of legal or educational services, to employees who wish to prosecute their own claims against their employers. (Section 6.) It may bring suit on the employee's behalf, and may structure the suit as a class action where appropriate. (Section 6.) It may directly take an assignment of the employee's wage claim and seek its own relief. (Section 11(b).) It may prosecute criminally an employer who, though able to pay his employee's claim, wilfully refuses to do so. Section 14.

Although there is a natural order of escalation to these remedies, the Department is not required by the Act to follow it. It may pursue any particular avenue on behalf of the employee it deems proper; its decision on how to assist the employee is discretionary. If an employee is not satisfied with the level of assistance rendered to him by the Department the proper appeal is not to the judiciary, but to the executive to change the policies of the Department.

■ The plaintiff argues that the Act should be read as mandating that the Department render various kinds of assistance instead of as simply authorizing them. He cites the rule of statutory construction that the word "may" should be read as "shall" when the rights of a third party or the public depend upon the exercise of the power of performance to which it refers. (*Figures v. Swank* (1970), 128 Ill. App. 2d 211, 216, 263 N.E.2d 599, 602.) However, no rights depend upon the Department's exercise of its

powers under this Act. The Department can only assist an employee in vindicating his right to wages. It cannot create or dispose of the employee's or the employer's rights. Thus, the Act must be read only as authorizing the Department to take certain actions, not mandating it to do so. Compare *Hairgrove v. City of Jacksonville* (1937), 366 Ill. 163, 174, 8 N.E.2d 187, 192-93.

The plaintiff's requests for orders requiring the Department to take assignments of wage claims, prosecute wage collection actions for indigent employees and file complaints against employers were therefore properly denied by the circuit court because the actions sought were discretionary with the Department. The plaintiff's requests for review of the standard of proof used by the Department at its hearings, of the Department's decision not to issue a subpoena in this case and of the Department's decision to issue only limited rules under the Act stand on a similar footing.

■ Several of the options open to the Department implicitly require that it act like a court by hearing evidence (either formally or informally), making findings and issuing orders. (See section 14.) In doing so, proper attention to due process requires that the Department set some uniform standard of proof to be used in similar cases. But no specific standard of proof is required and the many formulations of the varying standards— some evidence, preponderance of the evidence, beyond a reasonable doubt or clear and convincing evidence—are open to the Department to choose in the exercise of its discretion. It is not an abuse of discretion to choose the stringent criminal standard, as the plaintiff claims was done here. The Act leaves to the Department the decision as to whether it is wiser, as a matter of policy, to be cautious and take action only in cases where the evidence clearly shows, without a doubt, that the employer owes back wages to the employee. The Department's efforts could thus be devoted to the most flagrant cases and not be dissipated on the doubtful ones. The plaintiff could not state a claim based on the Department's use of the criminal standard of proof.

Similarly, in exercising its authority to investigate and conciliate wage claims, the Department was not required to use the most formal and rigorous of procedures. Although authorized to subpoena witnesses, administer oaths and examine private documents (section 11(a)), the Department can eschew such formalism and adopt a more relaxed method of attempting to resolve disputes. This decision does not prejudice anyone, for if an employer or employee wishes to resolve the dispute formally, with lawyers, subpoenas, oaths and judges, the circuit courts remain open for the filing of a formal complaint in the case. (See section 11.) Plaintiff did not therefore state a valid claim based on the Department's refusal to subpoena the records of his vacation time.

■■ Finally, the plaintiff's request for an order requiring the Department to issue rules overlooks the structure of the rule-making sections of the Act. Only in section 9, a new provision regulating unilateral wage deductions, is the Department required to make rules, and those rules need apply only to disputed deductions from wages. Section 12 is the general rule-making provision covering all sections of the Act. It states that the Department "may" issue the rules and regulations necessary to administer the Act. Thus, only where wage deductions are concerned must the Department make rules; where the other substantive provisions of the Act are involved, the Department simply "may" make rules. As noted above, since no third party or public rights are involved in the assistance given to employees by the Department under the Wage Payment and Collection Act, the Act must be read as it is written. The Department has issued rules under the Act where it is required to do so. Where it has the discretion to issue rules, it has chosen to issue no rules, but no proper order of the court could compel it to do so. Plaintiff's complaint fell on this point as well.

The Wage Payment and Collection Act authorizes governmental assistance to employees in the collection of their wages. It does not require intervention of any particular manner in any particular case. Plaintiff's complaint was properly dismissed by the circuit court, in both the personal and the class action counts, as failing to state a cause of action.

Judgment affirmed.

McNAMARA and RIZZI, JJ., concur.