DANILO B. AMIGLEO *et al.*, Plaintiffs-Appellants, v. E. ALLEN BERNARDI, Director, The Department of Labor, Defendant-Appellee.

First District (1st Division) No. 87—3203

Opinion filed September 26, 1988.

Arthur R. Allan & Associates, of Schaumburg, and David A. Novoselsky & Associates, of Chicago (Arthur R. Allan, David A. Novoselsky, and Kathleen M. Krist, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Richard J. Puchalski, Special Assistant Attorney General, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

Both plaintiffs, Danilo Amigleo and Danilo Yanong, filed claims with the Illinois Department of Labor to recover alleged unpaid overtime compensation from their employer, Equipment Manufacturing Company (Equipment). The Department of Labor made a determination that Equipment owed plaintiffs overtime compensation, which Equipment agreed to pay, but plaintiffs refused to accept because they believed the amounts offered were insufficient. The Department of Labor then informed plaintiffs that it would take no further action regarding their claims. Plaintiffs proceeded to file a complaint against the Director of the Department of Labor (Department) in the circuit court of Cook County, asking the court to grant injunctive and monetary relief and to issue a writ of *mandamus*. The defendant and the plaintiffs both moved for summary judgment, and the trial court granted defendant's motion and denied plaintiffs' motion. The plaintiffs filed a motion for reconsideration and a motion for leave to amend their complaint. The court denied both motions. Plaintiffs now appeal the order granting defendant's motion for summary judgment, denying their motion to reconsider, and denying their motion to amend their complaint. We affirm.

On April 5, 1985, Mr. Amigleo filed his claim with the Department, seeking unpaid overtime compensation in the amount of

$26,907.79 from his employer, Equipment, for the period of March 1, 1982, to March 19, 1984. On June 3, 1985, Mr. Yanong filed his claim with the Department also seeking unpaid overtime compensation in the amount of $27,332 from Equipment, for the period from February 5, 1975, to January 9, 1984. After an investigation, the Department determined that Equipment owed Amigleo $9,514.36, and Yanong $3,347.50. Subsequently, on March 10, 1986, the Department held an investigative hearing on plaintiffs' claims, because Equipment did not, at that time, pay those amounts the Department had determined were due to the plaintiffs. After the hearing, the Department still determined that Amigleo was owed $9,514.36, and Yanong was owed $3,347.50. These amounts were for unpaid overtime compensation for the two-year period prior to the date of the filing of their claims with the Department. Although plaintiffs had claimed unpaid wages for a period of more than two years, the Department limited its decision to the two-year period because, the Department stated, this was a departmental policy. Equipment then issued checks in the amounts requested by the Department, but the plaintiffs refused to accept payment because they claimed they were entitled to the monies owing from the actual date of underpayment.

On July 16, 1985, the Department informed the plaintiffs that it would take no further legal action regarding their claim, but advised them that they were free to institute a private action against Equipment. On October 9, 1986, plaintiffs filed their complaint against the Department for a writ of *mandamus* to compel the Department to prosecute their wage claims and for injunctive relief to stop the Department from limiting their unpaid wage collections to a two-year period. Their complaint also included a claim for money damages, as well as a very general claim for certification of a class action on behalf of all of those injured by the Department's two-year policy.

The Department and the plaintiffs, as noted earlier, both moved for summary judgment, and the trial court granted defendant's motion and denied plaintiffs' motions. The court found that the plaintiffs had an adequate remedy at law, the Department's power to institute legal proceedings was discretionary, the five-year general limitations period for oral contracts was inapplicable, and the Department's two-year policy was reasonable. Subsequently, the trial court denied plaintiffs' motion to reconsider and denied plaintiffs' motion to file an amended complaint. Plaintiffs have now appealed.

The plaintiffs raise three issues for review: (1) whether it was error for the trial court to deny plaintiffs injunctive and *mandamus* relief; (2) whether the trial court erred when it found that defendant's

two-year back wage claim policy was reasonable; and (3) whether the trial court erred when it denied plaintiffs leave to file an amended complaint after it had granted defendant's motion for summary judgment.

Plaintiffs brought their claims for unpaid overtime wages with the Department pursuant to section 12 of the Minimum Wage Law (Ill. Rev. Stat. 1985, ch. 48, par. 1012). Section 12(a) provides an employee with a cause of action against an employer for unpaid overtime compensation. Section 12(a) provides further that "[e]very such action shall be brought within 3 years from the date of the underpayment." (Ill. Rev. Stat. 1985, ch. 48, par. 1012(a).) Prior to January 1, 1984, however, section 12(a) was subject to the five-year general statute of limitations governing oral contracts. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205; see also *Estate of Franke* (1970), 124 Ill. App. 2d 24, 259 N.E.2d 841; Ill. Ann. Stat., ch. 48, par. 1012, Historical Notes (Smith-Hurd 1986).) Section 12(b) provides an administrative remedy for an employee by establishing a procedure for the employee to file a claim with the Department and further provides that the Department "may bring any legal action necessary to recover the amount of the unpaid *** wages and *** compensation." (Ill. Rev. Stat. 1985, ch. 48, par. 1012(b).) Section 12(b) contains no specific limitations period.

■■ Plaintiffs first argue that the trial court improperly denied them injunctive relief. Plaintiffs had requested the trial court to issue an injunction against the Department to prohibit the Department from enforcing its self-imposed two-year limitations period for unpaid wages and compensation. Before an equitable action for an injunction will issue, however, plaintiffs must show the existence of a lawful right, irreparable harm, and an inadequate remedy at law. (*Witter v. Buchanan* (1985), 132 Ill. App. 3d 273, 292, 476 N.E.2d 1123, 1128.) A remedy at law for money damages is considered inadequate if the property involved is unique, such that it could not be replaced with money damages; if the injury suffered is of such a nature that damages cannot be reasonably ascertained; or if the injury is so remote or collateral to the harm that the court would not award money damages. See McClintock, Equity §§5, 18-21 (West 1974).

Plaintiffs claim that the trial judge incorrectly found that they had an adequate remedy at law when he found that they could sue their employer in a private action even though the Department had chosen not to pursue their claim. Plaintiffs argue that this finding was erroneous because, on the date the trial judge entered summary judgment for the defendants, June 11, 1987, the limitation period of section 12(a) had already expired, leaving them without any remedy at

law. Amigleo's last date of underpayment was March 19, 1984, and Yanong's last date of underpayment was January 9, 1984. Thus, the last possible date, plaintiffs claim, for them to have filed a private civil action was March 19, 1987, and January 9, 1987, respectively. The Department, however, argues that the plaintiffs had more than sufficient opportunity prior to that date to file their action, and that it even advised plaintiffs to institute a private action against their employer, but that they failed to do so. Moreover, the Department asserts, plaintiffs are still not prevented from filing an action against Equipment, because a limitations defense can be waived.

█ It is clear that the plaintiffs in this case had an adequate remedy at law, but they failed to take the necessary action to pursue that remedy. The remedy which plaintiffs seeks is simply not in the nature of an equitable remedy, because plaintiffs here seek specific money damages for unpaid overtime compensation to which they were allegedly entitled. It is undisputed that the Department informed plaintiffs' attorney as early as July 15, 1986, that the Department would take no legal action and that the plaintiffs were free to pursue their own cause of action against Equipment. Plaintiffs failed to file a private claim against Equipment before the statutory limitations period ran. Additionally, it is true, as the Department contends, that plaintiffs are not technically, even now, barred from proceeding against Equipment, because a statute of limitations defense is generally raised by the defendant in response to a filed cause of action, and, as such, the defense may be waived by the defendant or the defendant may be, under certain circumstances, estopped from asserting it as a defense. (See *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078.) However, at the time plaintiffs filed their complaint here, they still had a remedy at law against Equipment, but they chose not to file an action against Equipment. The trial court, therefore, properly granted judgment in favor of the Department on plaintiffs' claim for injunctive relief.

██ █ Plaintiffs also claim that the trial court erred when it granted the Department's motion for summary judgment, which effectively denied plaintiffs' request for a writ of *mandamus* to compel the Department to recover the full amount of their unpaid compensation from Equipment. *Mandamus* is an extraordinary remedy, appropriate only where there is a clear right to the requested relief, a clear duty on the part of the defendant to act, and clear authority in the defendant to comply with the terms of the writ. (*Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 196, 477 N.E.2d 49, 53.) A writ of *mandamus*, therefore, will not lie to review or compel the perform-

ance of a discretionary act. (*Stafford v. Bowling* (1980), 85 Ill. App. 3d 978, 407 N.E.2d 771.) The presence of a legal right to a writ of *mandamus*, however, does not necessarily furnish a basis for its issuance, for courts employ equitable principles to decide whether a plaintiff has shown a clear right to such a remedy and may issue writs of *mandamus* within their discretion according to what seems necessary and proper to achieve a just result. (*Thomas*, 132 Ill. App. 3d 190, 196, 477 N.E.2d 49, 54.) Therefore, even though a party can establish a proper legal right to support issuance of a writ of *mandamus*, a court may refuse issuance if, for example, issuance will relieve a party from the consequences of his or her own errors or omissions. See *Thomas*, 132 Ill. App. 3d 190, 477 N.E.2d 49.

The plaintiffs argue that the trial court should have issued a writ of *mandamus* because serious, gross injustice will result here if the Department is not ordered to prosecute their claims. They argue that because the three-year statute of limitations has expired for a private civil action they could have brought against Equipment under section 12(a), the only way they can obtain relief now is to have the Department pursue their claims. Alternatively, they contend that the Department did not, in fact, exercise any discretion when it refused to prosecute their claims, because the Department's decision to implement its two-year policy was merely a matter of departmental whim and was not a uniform policy practiced by the Department. Conversely, the Department argues that its decision to institute an action against an employer is clearly discretionary under the language of section 12(b), and, hence, *mandamus* was inappropriate, citing to *Stafford v. Bowling* (see *Stafford v. Bowling* (1980), 85 Ill. App. 3d 978, 407 N.E.2d 771). Further, the Department asserts that its two-year policy of enforcement is uniformly applied, relying on the previously filed affidavit of Thomas Graham, superintendent of the enforcement division of the Illinois Department of Labor.

The case of *Stafford v. Bowling* is directly on point. (*Stafford*, 85 Ill. App. 3d 978, 407 N.E.2d 771.) In *Stafford*, the plaintiff sued the Department of Labor and requested a writ of *mandamus* to compel the Department to render various types of assistance to recover plaintiff's unpaid vacation wages under the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1977, ch. 48, par. 39m—1 *et seq.*). This court, in *Stafford*, refused to issue a writ of *mandamus*, finding that although the Act provided certain different remedies which the Department could pursue on behalf of the employee, the use of the word "may" in the Act was to be construed as directory, or discretionary, because the Department was merely empowered to assist the em-

ployee in vindicating his right to wages. *Stafford*, 85 Ill. App. 3d at 981, 407 N.E.2d at 773-74.

■ The situation before the court in *Stafford* is directly analogous to the situation in the case at bar. Section 12(b) "authorizes" the Department to oversee the payment of unpaid overtime compensation to an employee and also authorizes the Director of the Department to "bring any legal action necessary" to recover the unpaid compensation. (Ill. Rev. Stat. 1985, ch. 48, par. 1012(b).) Just as this court in *Stafford* interpreted similar language regarding similar powers granted to the Department under the Wage Payment and Collection Act as being discretionary, we too find section 12(a) of the Minimum Wage Law to be discretionary. (Ill. Rev. Stat. 1985, ch. 48, par. 1012(a).) Thus, no legal basis for issuance, under this law, existed here. Furthermore, there is no evidence of any substantial injustice to the plaintiffs in this instance. Any failure of the plaintiffs to recover the underpayments is not the result of the Department's failure to act, but the result of plaintiffs' own failure to institute a private suit against Equipment within the three-year statutory limit under section 12(a). Accordingly, the trial court properly refused to issue a writ of *mandamus.*

■ As stated above, section 12(a), prior to January 1, 1984, was subject to the general five-year limitations period governing oral contracts. (See Ill. Ann. Stat., ch. 48, par. 1012, Historical Notes (Smith-Hurd 1986); *Estate of Franke* (1970), 124 Ill. App. 2d 24, 259 N.E.2d 841.) After January 1, 1984, however, section 12(a) was amended to include an express, three-year limitations period. (See Ill. Rev. Stat. 1985, ch. 48, par. 1012(a).) Section 12(b), however, was not amended and, thus, contains no express limitations period. (See Ill. Rev. Stat. 1985, ch. 48, par. 1012(b).) When a statute is ambiguous, however, courts will give substantial weight and deference to its interpretation by the agency charged with the administration and enforcement of the statute. (*Golden Bear Family Restaurants, Inc. v. Murray* (1986), 144 Ill. App. 3d 616, 626, 494 N.E.2d 581, 588.) While an administrative agency's interpretation of a statute is not binding on the court, it, nevertheless, provides the court with an informed basis to ascertain the legislative intent. (*Golden Bear*, 144 Ill. App. 3d at 626, 494 N.E.2d at 588.) The rationale for allowing the agency this deference is that the agency can make informed judgments on the issues, based on its experience and expertise. *Golden Bear*, 144 Ill. App. 3d at 626, 494 N.E.2d at 588.

Nonetheless, the plaintiffs argue that the two-year policy of the Department, in conjunction with section 12(b), is unreasonable be-

cause the time limit should either be three years, as in section 12(a) of the Minimum Wage Law, or five years, as in section 13—205 of the Code of Civil Procedure. (See Ill. Rev. Stat. 1985, ch. 48, par. 1012(a); Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) They contend that the two-year policy was not a standard procedure, but that "administrative whim" determined which claimant would be subject to the policy. Plaintiffs also argue that the defendant, in any event, calculated the time period improperly. They claim that the time period should be calculated back from the date of the underpayment, not from the date of the filing of the administrative claim. The Department, on the other hand, contends that the section must be read as a whole and, thus, if the claim against the employer is limited to three years in the private civil action, then the civil action filed by the Department, against the employer, is also limited to a three-year period. The Department argues that its two-year policy was established to coincide with this three-year limitations period, since it takes one year to investigate and process the claim. Thus, it is the Department's standard procedure to investigate the period of underpayment two years prior to the filing of the claim, so that at the end of the administrative process, if the Department decides to institute an action in court, that action is within the three-year limitations period as found in section 12(a), which would then cover the entire period of time the Department had investigated.[1]

The trial court agreed with the Department's reasoning, and found that a fair reading of section 12 would indicate that the three-year limitations period applies to section 12(b) as well as section 12(a). Additionally, the trial court found that the two-year policy was to be accorded great deference, and hence, was a proper exercise of its power. A logical interpretation of section 12 would be to apply the three-year limitations period to 12(b) as well as 12(a), because both sections deal with suits against the employer brought directly by or on behalf of the employee. Additionally, because special limitations statutes generally supersede general limitations statutes, the special

---

[1]For example, if the underpayment period was from December 1975 to December 1985, and the claim was filed with the Department in December 1985, the Department would only examine the period two years prior, or December 1983 to December 1985. If the Department, at the end of its process and investigation, in December 1986, then decided to institute a legal action on behalf of the employee, the three-year limitations period would apply and limit that action to underpayments from December 1983 forward to the present. Consequently, by limiting their investigation in this manner, the period of underpayments sought by the Department would all be within the statutory limitation period, as interpreted by the Department.

three-year limitations period set forth in section 12(a) should govern section 12(b), rather than the general limitations period of five years for oral contracts. (See *Stanley v. Denning* (1970), 130 Ill. App. 2d 628, 264 N.E.2d 521; Ill. Rev. Stat. 1985, ch. 48, par. 1012; Ill. Rev. Stat. ch. 110, par. 13—205.) The Department must, as stated, be accorded great deference in its policy regarding its enforcement of claims under section 12, especially when its policy pertains to the interpretation and enforcement of any ambiguous terms of the statute.

■■ Under section 12(a), a claimant has three years from the date of the underpayment to file suit to recover unpaid compensation. This provision of section 12(a) is vague concerning what is the time period to which the employee's recovery is limited, *i.e.*, may an employee recover for unpaid compensation which occurred more than three years prior to the date of underpayment. Although section 12(b) does not refer to a specific limitations period, it seems clear that the limitations period under both sections should be similar because the underlying claim is the same, whether the employee himself files suit or whether the suit is filed by the Department on behalf of the employee. As noted previously, the Department's two-year policy is employed to coincide with the Department's interpretation of the three-year limitations period when the Department institutes a legal action against the employer. Additionally, this time limitation is reasonable in light of section 8 of the Minimum Wage Law, which mandates that employers only keep business records for three years. (See Ill. Rev. Stat. 1985, ch. 48, par. 1008.) Any other interpretation would be illogical since an employee or the Department would then be authorized to file suit against an employer which would require the parties to rely on records older than three years, but which an employer would not be required by law to keep under the Minimum Wage Law. Accordingly, the Department's two-year policy is not unreasonable.

■■ The final issue raised by the plaintiffs is whether the trial court erred when it denied them leave to file an amended complaint after the court granted summary judgment in favor of'the defendant. Once a court has granted a defendant's motion for summary judgment, it may allow the plaintiff to amend his complaint, but only to the extent that the amendments conform to the proof. *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811, 513 N.E.2d 7, *appeal denied* (1988), 118 Ill. 2d 551, 520 N.E.2d 393.

■■ Plaintiffs proposed an amendment to their complaint after the court granted defendant's motion for summary judgment. The proposed amendment asserted a claim for damages against the defendant for unreasonable delay and breach of trust. Plaintiffs contend that the

delay was unreasonable because the Department's attorney stated that the claim process took about a year and plaintiffs' claims took 19 and 15 months. The breach of trust amendment was based upon the alleged trust plaintiffs placed in the Department. The proposed amendment, however, did not conform to the proof in these proceedings but, rather, was in the nature of a new theory of recovery upon which plaintiffs based a claim of compensatory damages. Additionally, this new theory requested relief different from the relief requested in the original cause of action here. Here, we find that the trial court properly denied plaintiffs leave to amend.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

O'CONNOR and MANNING, JJ., concur.