THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, *et al.*, Plaintiffs-Appellants, v. AGRI-CHAIN PRODUCTS, INC., Defendants-Appellees.

First District (6th Division)   No. 1—91—1033

Opinion filed December 27, 1991.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellants.

Matkov, Salzman, Madoff & Gunn, of Chicago (Larry G. Hall, Kirk D. Messmer, and James D. Shepherd, of counsel), for appellees.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

This appeal arises from an order of the circuit court dismissing plaintiffs' cause of action as barred by the statute of limitations. The issue on appeal is whether plaintiffs' complaint was a private cause of action and thus barred by section 13—202 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—202). We affirm.

Defendant-appellee Agri-Chain Products, Inc. (Agri-Chain or defendant), was an Illinois corporation which ceased operation and terminated its employees in December 1985, and dissolved in March 1987. Defendant-appellee Robert L. Green had been the president of Agri-Chain. Although defendant claims that it paid all of its employees their accrued vacation time for 1985, 16 of the company's former employees filed claims with the Department of Labor (Department), pursuant to the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1985, ch. 48, par. 39M—1 et seq.) (Act), alleging that defendant failed to pay them severance pay as well as their 1985 accrued vacation pay. On March 27, 1987, the Department conducted an administrative hearing and dismissed the claims for severance pay but concluded that defendant owed the claimants $45,645.75 in vacation pay. Defendant failed to pay the wage demand.

On January 23, 1990, the State filed a complaint in the circuit court based on information provided by the Department, which sought the vacation pay at issue as well as statutory penalties pursuant to section 14(b) of the Act. The State and Department are hereinafter jointly referred to as plaintiffs. In their answer and affirmative defenses, defendants claimed that they had paid the vacation pay at issue and also that plaintiffs' cause of action was barred by the statute of limitations as set forth in section 13—202 of the Code of Civil Pro-

cedure. On December 3, 1990, defendants moved to dismiss based on the two-year statute of limitations. The plaintiffs claimed that the cause of action was not subject to the statute of limitations pursuant to the common law governmental immunity theory. Following a hearing on March 1, 1991, the circuit court granted defendant's motion to dismiss, finding that plaintiffs' complaint represented a private rather than a public cause of action and that it was barred by the statute of limitations.

Plaintiffs contend that the two-year statute of limitations contained in section 13—202 of the Code of Civil Procedure did not bar their complaint because the action was brought in the name of the State and involved a public right which provided them with immunity from the statute. The circuit court found that the cause of action at issue accrued when the wage demand was sent in March 1987. Because the complaint was not filed until January 23, 1990, it would be barred unless it was found to be a public cause of action which is not subject to section 13—202.

■ The policy underlying the doctrine of immunity from statutes of limitations is that the public should not suffer because of the negligence of its officers and agents in failing to promptly assert claims which belong to the public. (*City of Shelbyville v. Shelbyville Restorium, Inc.* (1983), 96 Ill. 2d 457, 461, 451 N.E.2d 874.) *Shelbyville* concerned a claim brought by a municipality seeking money damages and an order compelling the defendant, a builder, to construct certain streets in a subdivision. At the time that the city approved defendant's subdivision plat and annexed the subdivision to the city, it had passed an ordinance which required as a condition of the annexation that certain streets be constructed in the subdivision without cost to the city. The builder failed to construct some of the streets and constructed others below specifications, so that the city had to construct or repair the streets at its own expense. The city then filed a complaint against the builder, and the builder invoked the statute of limitations. On appeal, the Illinois Supreme Court addressed the issue of governmental immunity and whether a right being asserted by a governmental unit was one which belonged to the general public, the governmental unit or a small, distinct subsection of the public at large. (*Shelbyville*, 96 Ill. 2d at 462.) The court stated that the determining factor was the question of who would benefit by the government's action and who would lose by its inaction. (*Shelbyville*, 96 Ill. 2d at 462.) The court addressed three factors which were the basis of its determination that the cause of action in *Shelbyville* was public in nature and, therefore, immune from the statute of limitations. These

factors were the public interest in the workmanlike construction and maintenance of streets, the city's statutory responsibility to ensure such construction and maintenance for public use and the expenditure of public funds to construct and maintain the streets which was caused by defendant's failure to perform. *Shelbyville*, 96 Ill. 2d at 464-66.

In *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 476, 546 N.E.2d 580, the Illinois Supreme Court restated the *Shelbyville* factors in more general terms as: (1) the effects of the interest on the public; (2) the governmental entity's obligation to act on behalf of the public; and (3) the extent to which public funds must be expended. The *A, C & S, Inc.* case was a claim by 34 school districts against 78 suppliers and distributors of asbestos-containing materials (ACM), which sought recovery of costs expended for the removal or repair of the ACM found in school buildings. The removal or repair of the ACM was a requirement of all school districts pursuant to the Asbestos Abatement Act (Ill. Rev. Stat. 1985, ch. 122, par. 1401 *et seq.*). The defendant in this case also asserted the statute of limitations. The court concluded that there was an effect on the public because all of the school districts were involved as well as a public concern for the safety of school children and adults using the school buildings, that there was a statutory duty to ensure school attendance as well as a duty to abate ACM in school buildings and that millions of dollars would be expended by the schools for the removal of ACM which would be matched by State and Federal funds. The court thus concluded that the cause of action was a public one, and it was not barred by the statute of limitations. *A, C & S, Inc.*, 131 Ill. 2d at 476-77.

■ Although the instant case is one of first impression and the two cases discussed involve different statutes, the criteria set forth in *Shelbyville* and *A, C & S, Inc.* provide guidelines for resolving the issue of whether the claim in this case was public or private. Applying the first criterion, we conclude that the interest asserted, which in this case is the recoupment of vacation pay allegedly owed to 16 former employees of defendant, is not one affecting the general public. Rather, the interest arises from a private employment contract between the former company and its employees, and it is only the interest of these 16 employees that will be directly affected by the outcome of this claim. It is also worth noting that the 16 employees would have been able to bring an action against defendant even if the Department or the State had not chosen to act in the employees' behalf.

The second factor in *Shelbyville* is whether the State has a duty to act on behalf of the public. The court in *Stafford v. Bowling* (1980), 85 Ill. App. 3d 978, 407 N.E.2d 771, addressed this question in its review of whether the powers granted to the Department of Labor under the Act were discretionary or mandatory. The *Stafford* court concluded that while the Act provided several different ways that the Department could assist employees in the collection of their wages, it granted the Department discretion to choose which, if any, of the ways it could use. (*Stafford*, 85 Ill. App. 3d at 979.) The court also noted that "since no third party or public rights are involved in the assistance given to employees by the Department under the Wage Payment and Collection Act, the Act must be read as it is written." (*Stafford*, 85 Ill. App. 3d at 982.) The court then concluded that the Act authorized governmental assistance to employees in the collection of their wages, but it did not require intervention in any particular case. (*Stafford*, 85 Ill. App. 3d at 982.) The court in *Amigleo v. Bernardi* (1988), 175 Ill. App. 3d 449, 456, 529 N.E.2d 1020, reached the same conclusion regarding the powers of the Department under a similar statute, the Minimum Wage Law (Ill. Rev. Stat. 1989, ch. 48, par. 1001 *et seq.*).

Not only is there no duty on the part of the State or the Department to act, but pursuant to section 11(b), the Department can only act on behalf of a particular employee if the employee allows it. Thus, without an assignment of a wage claim from the employee, the Department has no authority to file a civil action for the collection of wages. (See *Stafford*, 85 Ill. App. 3d at 980-81.) The court in *Amigleo v. Bernardi* also concluded that pursuant to section 12 of the Illinois Minimum Wage Law (Ill. Rev. Stat. 1985, par. 48, par. 1012):

> "Any failure of the plaintiffs to recover the underpayments is not the result of the Department's failure to act, but the result of plaintiffs' own failure to institute a private suit ***." *Amigleo*, 175 Ill. App. 3d at 456.

In their reply brief, plaintiffs argue that defendant's reliance on *Stafford* is misplaced because, although that court addressed the same statute as in this case, the issue in *Stafford* was a common law writ of *mandamus* as opposed to the issue of whether the statute of limitations barred plaintiffs' complaint. However, the determination of whether plaintiffs' complaint is time barred is based on whether their cause of action is a public or a private claim. Pursuant to the ruling in *Shelbyville*, this assessment is made through the application of three factors. The second *Shelbyville* factor, which is whether the State has a duty to act on behalf of the public, is the same issue which the *Staf-*

*ford* court addressed in connection with the Act. Therefore, contrary to plaintiffs' argument, the ruling in *Stafford* is dispositive of whether the plaintiffs' participation in this case was mandatory or discretionary.

For the aforementioned reasons, we find the role of the State and the Department under the Act very different than the duty of the city in *Shelbyville* to provide properly constructed streets or in *A, C & S, Inc.* to insure that the schools were free from ACM.

The third *Shelbyville* factor is the extent to which public funds must be expended. In *Shelbyville*, the expenditure was the cost of street construction and repair, and in *A, C & S, Inc.*, the school districts would be required to expend large sums of money for asbestos abatement. In both instances, the court focused on the amount of money that would be needed and the magnitude of the burden it placed on the public treasury. These circumstances are clearly not present in the instant case. The plaintiffs' strained efforts to argue that the State treasury will be burdened by the loss of taxes on the unpaid vacation pay of 16 employees is meritless as are plaintiffs' other arguments regarding this factor.

Plaintiffs rely on *People ex rel. Martin v. Schwartz Oil Field Services, Inc.* (1990), 203 Ill. App. 3d 903, 561 N.E.2d 201, in support of their contention that their claim should not be subject to the statute of limitations. However, *Martin* concerned the statute of limitations found in section 12(a) of the Minimum Wage Law which involved claims brought by individual employees and whether the three-year limitation period was also applicable to claims brought by the State under section 12(b) even though this section made no reference to a limitation period. (See Ill. Rev. Stat. 1989, ch. 48, par. 1012.) The court held that the State was not subject to the statute of limitations found in section 12(a) based on its analysis of the language of the statute and legislative intent. The court then stated that it "need not consider the issue of whether the common law governmental immunity to statutes of limitation[s] is applicable here." (*Martin*, 203 Ill. App. 3d at 907.) The court then stated that if it had considered this doctrine, it would have found it applicable to that case because the right in question was a public as opposed to a private right. *Martin*, 203 Ill. App. 3d at 907. But see *Amigleo* (175 Ill. App. 3d at 456-57) (where the court found the powers of the Department to be discretionary and that a "logical interpretation of section 12 [of the Minimum Wage Law] would be to apply the three-year limitations period to 12(b) as well as 12(a), because both sections deal with suits against the employer brought directly by or on behalf of the employee").

304

The decisions in *Martin* and *Amigleo*, which involve a different statute, are at best only persuasive to this case by way of analogy. However, to the extent that either one is relied on, we find *Amigleo* to be the greater authority where it more closely resembles and confirms the ruling in *Stafford v. Bowling*.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

EGAN and LaPORTA, JJ., concur.