**Satinder S. REKHI, Plaintiff,**

v.

**WILDWOOD INDUSTRIES, INC., a foreign corporation, Defendant.**

No. 92–1020.

United States District Court,
C.D. Illinois,
Peoria Division.

Oct. 9, 1992.

Mark Howard, Peoria, IL, for plaintiff.

J. Reed Roesler, Peoria, IL, for defendant.

### ORDER

MIHM, Chief Judge.

Pending before the court is Defendant's Motion to Dismiss and for a More Definite Statement (# 2), and the Magistrate Judge's Recommendation (# 7). For the reasons stated below, the Magistrate's Recommendation is accepted and Defendant's Motion to Dismiss is denied.

This is an action for money damages filed pursuant to state law. The parties are of diverse citizenship and this court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff Satinder S. Rekhi ("Rekhi") alleges that the Defendant Wildwood Industries, Inc. ("Wildwood") breached an employee contract by failing to pay severance pay for one year's salary when Rekhi left Wildwood's employ (Count I). He also alleges that he was discharged in retaliation for his religious beliefs (Count II). Finally, he seeks damages and penalties under the Illinois Wage and Collection Act of 1974, Ill.Rev.Stat. Ch. 48, ¶ 39m–11 ("the Act").

In a hearing held April 3, 1992, the Magistrate Judge denied the Motion for a More

Definite Statement as to Counts I and III, finding that the Complaint put Wildwood on sufficient notice as to the causes of action in Counts I and III. As to Count II, the Magistrate recommended that the court grant Wildwood's Motion for a More Definite Statement because Count II is vague and confusing and does not follow from the facts pleaded in Count I. He recommended that Rekhi replead Count II within twenty (20) days.

Wildwood argued that the court does not have subject matter jurisdiction over Count III because it is a state claim seeking approximately $12,000.00 in unpaid salary and penalties pursuant to Ill.Rev.Stat. Ch. 48, ¶ 39m–14(b) which does not arise from the same operative facts as Counts I and II. Therefore, Wildwood argues, the claim does not fall in the court's supplemental jurisdiction under 28 U.S.C. § 1367.

■ Magistrate Judge Kauffman disagreed and found that Count III arises from the same employment action as Counts I and II. He noted that § 1367 was amended to make clear that federal courts could and should exercise pendent jurisdiction whenever such exercise would further judicial economy and the ends of justice. "Resolving all of Plaintiff's claims against this Defendant in relation to the termination of Plaintiff's employment would further both." *See* Magistrate's Recommendation, P. 2.

Wildwood filed its objection to the Magistrate's Recommendation on July 20, 1992, reiterating its argument that Count III does not arise from the same "case or controversy" necessary for pendent state claims under 28 U.S.C. § 1367.

The court agrees with Judge Kauffman and finds that Count III is based upon the same nucleus of operative facts as Count I. Rekhi's wage demand was prompted by Wildwood's failure to pay certain compensation which Rekhi felt he deserved under his contract for employment. His breach of contract claim under Count I also arises from the same alleged nonpayment of wages and benefits owed.

Wildwood also argues that Count III involves two unique issues of Illinois law which distinguish it from Counts I and II. First, Wildwood contends that under Ill.Rev.Stat. Ch. 48, ¶ 39m–11, only the Department of Labor, not an employee such as Rekhi, can institute an action for penalties provided under the Act.[1] Although Wildwood concedes that § 11 grants employees the right to prosecute their own complaint for the recovery of "wages", it asserts that this authority does not extend to penalties accrued which result from an employer's failure to comply with a Department of Labor decision. Secondly, even if Rekhi can seek recovery of penalties provided for by the Act, Wildwood argues that by tendering payment of the amount determined to be due, it may avoid those penalties under the Act.

■ The court does not believe that Count III involves unique issues of Illinois state law which would distinguish it from Count I and require resolution in a state court. It is entirely within this court's discretion under the *Erie* Doctrine to resolve a supplemental claim which requires the court's analysis of statutory construction and intent under Illinois law.

In this case, the court must interpret an employee's rights under Ch. 48, ¶ 39m–11(c) in connection with ¶ 39m–14(b) of the Illinois Wage and Collection Act. ¶ 39m–14(b) states:

Any employer who has been ordered by the Director of Labor or the court to pay wages due an employee and who shall fail to do so within 15 days after such order is entered shall be liable to pay a penalty of 1% per calendar day to the employee for each day of delay in paying such wages to the employee up to an amount equal to twice the sum of unpaid wages due the employee.

This provision must be read together with ¶ 39m–11 which outlines the duties and powers of the Department of Labor in assisting an employee in collecting wages and benefits due from his or her employer. Specifically in

1. The Wage Payment and Collection Act is the statute which provided the basis for the Department of Labor's decision that Defendant owed

Plaintiff $6,407.90 at a May 23, 1989 hearing pursuant to Rekhi's wage demand under the same statute.

question is the meaning of § 11(c) which states in part:

> It shall be the duty of the Department of Labor ... to make complaint in any court of competent jurisdiction of violations of this Act. *Nothing herein shall be construed to prevent an employee from making complaint or prosecuting his or her own claim for wages.* (emphasis added).

> Nothing herein shall be construed to limit the authority of the State's Attorney of any county to prosecute actions for violation of this Act or to enforce the provisions thereof independently and without specific direction of the Department of Labor.

In the instant case, Rekhi is pursuing the recovery of both wages due and penalties allegedly accrued pursuant to ¶ 39m–14(b).

Wildwood advocates a very literal interpretation of ¶ 39m–11(c) and argues that the right to prosecute a claim for "wages"[2] does not include the right to prosecute a claim for *penalties* accrued under ¶ 39m–14(b). Wildwood cites no legal authority for this position. Rekhi, also without legal authority, states that ¶ 39m–14(b) provides that the employer shall be liable to pay a penalty of 1% per calendar day *to the employee* (emphasis added). Therefore, "[c]learly the employee has a right to collect the penalty on his own behalf". *See* Plaintiff's Response, p. 5.

■ There is clear precedent that ¶ 39m–11(c) establishes a private cause of action on behalf of the employee. *See Stafford v. Purofied Down Products, Corp.,* 801 F.Supp. 130, 138 (N.D.Ill.1992); *Arroyo v. MacKay,* 1987 WL 19147, *2 (N.D.Ill. Oct. 26, 1987); *Upholsterers International Union Health and Welfare Fund Trustees v. Pontiac Furniture, Inc.,* 647 F.Supp. 1053, 1056 (C.D.Ill. 1986); *In re Faber,* 52 B.R. 563, 565 (N.D.Ill. 1985); *Aponte v. National Steel Service Ctr.,* 500 F.Supp. 198, 203–204 (N.D.Ill.1980); *But see Chicago Show Printing Company v. Sherwood,* 1992 WL 175577, *2 (N.D.Ill. July 14, 1992) disagrees with *Aponte* and states

that no other Illinois court has followed *Aponte* [no longer true] ).

Legal precedent which specifically states that an employee has the right to prosecute specifically for *penalties* accrued under ¶ 39m–14 is less abundant. The district court in *Saribekian v. Concrete Drilling and Sawing Co., Inc.,* 1990 WL 133431 (N.D.Ill. Sept. 13, 1990) held that the Plaintiff could not seek punitive damages or attorneys fees in his suit against his former employer under the Illinois Wage and Collection Act because the Act did not provide for said damages and fees. However, the court went on to state that the Act did provide for a 1% per diem penalty if the employer fails to comply with a court order to pay wages, *Id.* at *6, citing I.A.S. Ch. 48, ¶ 39m–14(b). Although the *Saribekian* court's comment regarding penalties under ¶ 39m–14(b) was dicta in the context of denying Plaintiff's request for punitive damages and attorney fees, it is a strong indication that if the Plaintiff in that case *had* included a request for damages pursuant to penalties accrued under ¶ 39m–14(b), the court would have found the request appropriate under the act.

In *Miller v. J.M. Jones Company,* 198 Ill.App.3d 151, 144 Ill.Dec. 461, 555 N.E.2d 820 (4th Dist.1990), Plaintiff Miller requested assistance from the Illinois Department of Labor contending he had been deprived of certain wages by his employer, J.M. Jones Company. The Department conducted an investigation under the provisions of § 11 of the Act (Ill.Rev.Stat.1987, Ch. 48, ¶ 39m–11), and determined that Plaintiff was owed $498.32 by Defendant. J.M. Jones was then issued a wage-payment demand. Miller brought the action in small claims court in Champaign County and introduced the Department proceeding for admission under Rule 216 (107 Ill.2d R.216). This was the only evidence produced by Miller at trial. The court held that Miller failed to meet his

---

**2.** The term "wages" is defined at § 2 of the Act (Ill.Rev.Stat. Ch. 48, ¶ 39m–2: "For all employees, other than separated employees, 'wages' shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calcula-

tion. Payments to separated employees shall be termed 'final compensation' and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and *any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties* ... (emphasis added)."

burden of proof; the determination of liability would have to be made by the trial court *de novo. Id.,* 198 Ill.App.3d at 152, 144 Ill.Dec. at 462, 555 N.E.2d at 821. Miller appealed, contending that the Department of Labor's determination under the Act was in the nature of a judicial proceeding and must be treated as such in the small claims action. *Id.* The Appellate Court found:

> A reasonable interpretation of the Act requires a finding that while *certain penalties and interest provisions may run from the Department's initial determination of liability,* actual liability, if contested, must be determined by the trial court.

*Id.,* 198 Ill.App.3d at 154, 144 Ill.Dec. at 463, 555 N.E.2d at 822.

Like *Saribekian,* and the instant case, *Miller* involved an employee who brought a private cause of action against his employer for wages due under his employment contract and the Illinois Wage and Collection Act. Like Rekhi in the instant case, Miller pursued his claim after the Department of Labor had issued a wage demand to his employer. The Appellate Court's finding that "certain penalties and interest provisions [e.g., ¶ 39m–14(b) ] may run from the Department's initial determination" suggests that penalties accrued from an employer's non-compliance with the Department of Labor's determination would be recognized by a trial court if the employer's initial liability under the Act is established *de novo* by the trial court.

This court finds that *Miller* and *Saribekian* create a strong inference that an employee's private right of action under the Act includes the right to litigate the recovery of penalties which have accrued under ¶ 39m–14(b) as a result of the employer's non-compliance with the Department of Labor's findings and wage demand.

■ There is also authority which characterizes the Department of Labor's duty to act on the behalf of a particular employee under the Act as discretionary. *See People ex rel. Hartigan v. Agri–Chain Products, Inc.,* 224 Ill.App.3d 298, 302, 166 Ill.Dec. 577, 580, 586 N.E.2d 535, 538 (1st Dist.1991). The *Hartigan* court interpreted the Department of Labor's duties under ¶ 39m–11(b) as follows:

Not only is there no duty on the part of the State or the Department to act, but pursuant to § 11(b), the Department can only act on behalf of a particular employee if the employee allows it. Thus, without an assignment of a wage claim from the employee, the Department has no authority to file a civil action for the collection of wages. (*See Stafford, [vs. Bowling]* 85 Ill.App.3d [978] at 980–81, 41 Ill.Dec. 273, [276,] 407 N.E.2d 771, [774 (1st Dist. 1980) ] ). The court in *Amigleo v. Bernardi* also concluded that pursuant the Illinois Minimum Wage Act, Ill.Rev.Stat.1985, ¶ 48, ¶ 1012,

> Any failure of the Plaintiff to recover the underpayment is not the result of the Department's failure to act, but the result of the Plaintiff's own failure to institute a private suit....

*Amigleo [v. Bernardi],* 175 Ill.App.3d [449] at 456, 124 Ill.Dec. 903, 529 N.E.2d 1020 [ (1st Dist.1988) ].

Under the rules of statutory construction, a statute must be viewed in its totality. Logically, if the Department of Labor's duties under ¶ 39m–11(b) are discretionary, an employee's private right of action under ¶ 39m–11(c) must avail to the employee all that is due him or her under the Act, including the ability to recover penalties accrued by an employer's non-compliance under ¶ 39m–14(b) which are expressly due the employee under that provision.[3]

The court declines to adopt Wildwood's narrow interpretation of ¶ 39m–11(c) and finds that the private right of action established in that provision includes the employee's right to prosecute the entirety of his or her claim for wages, benefits, and penalties to which the employee has a right pursuant to the Illinois Wage and Collection Act, Ch. 48, ¶ 39m–1 *et. seq.*

Regarding Wildwood's second issue of Illinois law, whether or not Wildwood may avoid imposition of penalties under the Act by tendering payment of the amount determined to be due, Wildwood again fails to cite any authority for this position. The court fails to find language in the statute which lends sup-

---

**3.** "§ 14(b) Any employer ... who fails to [pay wages due an employee] within 15 days ... *shall* ... *be liable to pay* a penalty of 1% per calendar day *to the employee ...*"

port to this statement. Whether Wildwood did, in fact, violate the Department of Labor's demand under ¶ 39m–14(b) is unclear from the record and better left for a summary judgment motion after discovery.

For the reasons stated above, the Magistrate's Recommendation is ACCEPTED. Defendant's Motion to Dismiss is DENIED on all three counts; Defendant's Motion for a More Definite Statement is DENIED as to Counts I and III and GRANTED as to Count II. Plaintiff is directed to replead Count II within twenty-one (21) days of this Order. Defendant is then directed to answer Plaintiff's Complaint within fourteen (14) days thereafter.