PHILIP A. MILLER, Plaintiff-Appellant, v. J.M. JONES COMPANY, Defendant-Appellee.

Fourth District   No. 4—89—0848

Opinion filed June 7, 1990.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellant.

Thomas G. Harvel and Homer W. Keller, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

JUSTICE LUND delivered the opinion of the court:

This appeal involves the effect of a determination under the Illinois Wage Payment and Collection Act (Act) (Ill. Rev. Stat. 1987, ch. 48, pars. 39m—1 through 39m—15) of unpaid wages on the proceedings in a circuit court civil action brought to collect those wages. Plaintiff Philip A. Miller requested assistance from the Illinois Department of Labor (Department), contending he had been deprived of certain wages by defendant J.M. Jones Company. The Department conducted an investigation under the provisions of section 11 of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 39m—11) and determined that plaintiff was owed $498.32. Defendant did not participate, although served with notice in the Department's proceedings. A wage-payment demand was issued to defendant.

Plaintiff brought this action in the small claims division of the circuit court of Champaign County. The Department proceeding was established by a request for admission under the provisions of Supreme Court Rule 216 (107 Ill. 2d R. 216). This was the sole evidence introduced by the plaintiff in the trial court proceedings. Plaintiff argued that the Department's determination established the debt owed by defendant to the plaintiff. The trial court held that the plaintiff failed to meet his burden of proof and that the determination of liability would have to be made by a trial *de novo*. Upon motion, plaintiff's complaint was dismissed with prejudice.

Plaintiff appeals, contending that the determination under the Act is in the nature of a judicial proceeding and must be treated as such in the small claims action. He cites only sections 11(c) and 14(b) of the Act (Ill. Rev. Stat. 1987, ch. 48, pars. 39m—11(c), 39m—14(b)) as authority for his position.

■ A reading of the entire Act clearly shows that the purpose of the Act is to assist employees in seeking redress for an employer's wrongful withholding of employee benefits.

■ The Act defines wages (Ill. Rev. Stat. 1987, ch. 48, par. 39m—2), and provides for pay periods (Ill. Rev. Stat. 1987, ch. 48, par. 39m—3), time for payment of wages earned (Ill. Rev. Stat. 1987, ch. 48, par. 39m—4), and for vacation pay (Ill. Rev. Stat. 1987, ch. 48, par. 39m—5). It authorizes the Department "to assist any employee *** in the collection of wages." (Ill. Rev. Stat. 1987, ch. 48, par. 39m—6.) It limits deductions from wages and provides for the Department to "establish rules to protect the interests of both par-

ties." (Ill. Rev. Stat. 1987, ch. 48, par. 39m—9.) The Act requires employers to notify employees of rates of pay. Ill. Rev. Stat. 1987,. ch. 48, par. 39m—10.

Section 11 provides:

"It shall be the duty of the Department of Labor to inquire diligently for any violations of this Act, and to institute the actions for penalties herein provided, and to enforce generally the provisions of this Act.

The department shall have the following powers:

(a) To investigate and attempt equitably to adjust controversies between employees and employers in respect of wage claims arising under this Act and to that end the department through the Director of Labor or any other person in the Department of Labor designated by him or her, shall have the power to administer oaths, subpoena and examine witnesses, to issue subpoenas duces tecum requiring the production of such books, papers, records and documents as may be evidence of any matter under inquiry and to examine and inspect the same as may relate to the question in dispute. Service of such subpoenas shall be made by any sheriff or any person. Any court in this State, upon the application of the department may compel attendance of witnesses, the production of books and papers, and the giving of testimony before the department by attachment for contempt or in any other way as the production of evidence may be compelled before such court.

(b) To take assignments of wage claims in the name of the Director of Labor and his or her successors in office and prosecute actions for the collection of wages for persons financially unable to prosecute such claims when in the judgment of the department such claims are valid and enforceable in the courts. No court costs or any fees for necessary process and proceedings shall be payable in advance by the department for prosecuting such actions. In the event there is a judgment rendered against the defendant, the court shall assess as part of such judgment the costs of such proceeding. Upon collection of such judgments the department shall pay from the proceeds of such judgment such costs to such person who is by law entitled to same. The department may join in a single proceeding any number of wage claims against the same employer but the court shall have discretionary power to order a severance or separate trial for hearings.

(c) To make complaint in any court of competent jurisdic-

tion of violations of this Act.

Nothing herein shall be construed to prevent any employee from making complaint or prosecuting his or her own claim for wages.

Nothing herein shall be construed to limit the authority of the State's attorney of any county to prosecute actions for violation of this Act or to enforce the provisions thereof independently and without specific direction of the Department of Labor." (Ill. Rev. Stat. 1987, ch. 48, par. 39m—11.)

We note this section, which provides the Department with "powers," makes no provision for a judicial determination. The "attempt" equitably to adjust controversy (section 11(a)) and the power to take assignments of wage claims and prosecute actions for collection of wages (section 11(b)) clearly indicates the absence of judicial or administrative determination powers. Section 11(c) says nothing more than that the claimant, as well as the Department, can proceed in the trial courts.

The plaintiff principally relies on section 14(b) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 39m—14(b)), stating this provision allows the Director of Labor to determine liability. Section 14 provides:

"(a) Any employer or any agent of an employer, who, being able to pay wages, final compensation, or wage supplements and being under a duty to pay, wilfully refuses to pay as provided in this Act, or falsely denies the amount or validity thereof or that the same is due, with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due, upon conviction, is guilty of a Class C misdemeanor. Each day during which any violation of this Act continues shall constitute a separate and distinct offense.

(b) Any employer who has been ordered by the Director of Labor or the court to pay wages due an employee and who shall fail to do so within 15 days after such order is entered shall be liable to pay a penalty of 1% per calendar day to the employee for each day of delay in paying such wages to the employee up to an amount equal to twice the sum of unpaid wages due the employee.

(c) Any employer, or any agent of an employer, who knowingly discharges or in any other manner knowingly discriminates against any employee because that employee has made a complaint to his employer, or to the Director of Labor or his

authorized representative, that he or she has not been paid in accordance with the provisions of this Act, or because that employee has caused to be instituted any proceeding under or related to this Act, or because that employee has testified or is about to testify in an investigation or proceeding under this Act, is guilty, upon conviction, of a Class C misdemeanor." Ill. Rev. Stat. 1987, ch. 48, par. 39m—14.

■ Section 14(b) is the only part of the Act which might indicate the existence of a right of the Director of Labor to make a binding determination. Basically, the Act refers to assisting, representing, and protecting the employee's interests. Representation of the employee and serving as the ultimate fact finder is inconsistent with due process.

Provisions of a statute should be construed in light of the statute as a whole. (*Winks v. Board of Education of Normal Community Unit School District No. 5* (1979), 78 Ill. 2d 128, 135, 398 N.E.2d 823, 826.) The Act does not contain provisions for impartial adjudication, nor does it provide review procedures. The criminal provisions in section 14(c) necessarily require any prosecution in the trial courts with the burden of proof of beyond a reasonable doubt being upon the prosecution.

■ A reasonable interpretation of the Act requires a finding that while certain penalties and interest provisions may run from the Department's initial determination of liability, actual liability, if contested, must be determined by the trial court. The initial determination of the Director of Labor cannot be used to establish liability in the trial court.

Affirmed.

KNECHT, P.J., and SPITZ, J., concur.