SATINDER S. REKHI, Plaintiff-Appellant, v. WILDWOOD ENTERPRISES, INC., d/b/a Wildwood Industries, Inc., Defendant-Appellee.

Fourth District No. 4—91—0295

Opinion filed September 30, 1991.

Mark D. Howard, of Peoria, for appellant.

Don C. Hammer and James P. Ginzkey, both of Hayes, Schneider, Hammer, Miles & Cox, of Bloomington, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Satinder S. Rekhi appeals from the order of the circuit court of McLean County dismissing count I of his amended complaint against defendant Wildwood Enterprises, Inc., with prejudice. We reverse.

On December 12, 1988, plaintiff filed a wage-claim application with the Illinois Department of Labor (Department) pursuant to the Illinois Wage Payment and Collection Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 39m—1 et seq.). Plaintiff's application alleged that defendant owed him $55,770 in vacation, bonus, and severance pay. On May 16, 1989, a hearing on plaintiff's claim was conducted before a hearing officer of the Department. Although there is no record of this proceeding, plaintiff's wife, Manmohan Rekhi, filed an affidavit in connection with this cause, stating that she attended the May 16, 1989, departmental hearing and recalled the hearing officer's indication "that the claim was only for matters under the Wage Claim Act and matters at issue at the hearing would not include anything regarding the one year salary."

Following the hearing, the Department issued a wage-payment demand to defendant in the amount of $6,407.90. In addition to demanding compliance by the defendant, the letter discussed penalties for failure to comply and stated that the Department's decision was based solely on the Act. The letter concluded by advising defendant, "Your compliance with this Demand Order will not bar any other civil or

criminal remedy which may be available to you or the claimant." Plaintiff contends that the amount demanded roughly reflects the claimed vacation and bonus pay, and fails to include the one-year salary to which he is entitled. Defendant's request for a rehearing before the Department was denied.

On March 9, 1989, plaintiff filed a complaint in the circuit court of McLean County. Count I of plaintiff's complaint alleged that defendant breached an employment contract "in that [defendant] terminated Plaintiff's employment and refuses to pay severance pay in the sum of $47,944, and bonus and vacation pay in the sum of $7,376 or any part thereof to Plaintiff, although such payment has been duly demanded."

In response to plaintiff's complaint, defendant filed a motion for involuntary dismissal of plaintiff's action pursuant to section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Defendant contended that plaintiff's claim with the Department constituted "another action pending between the same parties for the same cause" (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)).

Plaintiff then filed an amended complaint, reasserting the allegations in count I. Plaintiff's amended complaint additionally contained a second count, alleging an "independent tort," and a third count alleging that defendant wrongfully converted plaintiff's cash and personal property. Plaintiff also filed the affidavit of Russell Syracuse, chief hearing officer for the Fair Labor Standards Division of the Department. Syracuse indicated that proceedings under the Act are not hearings to adjudicate the rights of the parties, but are informal investigations to determine what action, if any, the Department will take on a claimant's behalf. Syracuse further stated that the claimant is free to litigate his own claim independent of the Department's determination and the employer is free to ignore the Department's determination. He explained that no formal record of the proceedings is maintained, and the proceedings, being investigatory in nature, are not subject to administrative review. He added, "There are no rules or regulations governing the Department's investigatory procedures or re-hearing procedures because they are not adjudicatory but investigatory in nature."

The record also contains a written finding by a hearing referee for the benefit appeals subdivision of the Department. The finding states that plaintiff "was not discharged due to misconduct connected with his work."

By order dated July 12, 1990, the trial court struck various portions of the affidavit of Russell Syracuse as conclusions of law. The trial court also concluded that plaintiff elected his remedy by filing his

complaint with the wage claims division of the Department and pursuing it to a final adjudication. Accordingly, the court determined that the doctrine of *res judicata* barred the plaintiff from seeking a second determination of the controversy and granted defendant's motion to dismiss count I of the plaintiff's amended complaint with prejudice.

Plaintiff filed a motion for the trial court to reconsider its decision in light of this court's decision in *Miller v. J.M. Jones Co.* (1990), 198 Ill. App. 3d 151, 555 N.E.2d 820. The court denied plaintiff's motion. On April 12, 1991, the trial court issued an order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), stating that there is no just reason for delaying enforcement or appeal of its order.

■ On appeal, plaintiff contends that the Department's proceedings under the Act have no *res judicata* effect. We agree. *Res judicata* prohibits repetitive litigation in an effort to obtain judicial economy and to protect litigants from the burden of retrying an identical cause of action with the same party or a privy. Under the doctrine, a final judgment rendered by a court of competent jurisdiction on the merits bars absolutely a subsequent action involving the same cause of action or issue between the same parties or their privies. The *res judicata* effect also affixes to administrative determinations that are judicial in nature. *Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 394, 474 N.E.2d 430, 432, *appeal denied* (1982), 91 Ill. 2d 572.

This court has previously addressed whether the Department's proceedings under the Act are judicial in nature. In *Miller*, the plaintiff requested assistance from the Department, contending that he had been deprived of certain wages by the defendant, J.M. Jones Company. The Department conducted an investigation pursuant to the Act, determined that defendant owed plaintiff $498.32, and issued a wage payment demand to the defendant. Although defendant was served with notice of the Department's proceedings, defendant did not participate.

Plaintiff then brought an action in the small claims division of the circuit court of Champaign County. The Department proceeding was established by a request for admission pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216) and was the sole evidence introduced by the plaintiff in the trial court proceedings. Plaintiff argued that the Department's determination established the debt owed by the defendant to the plaintiff. The trial court held that plaintiff failed to meet his burden of proof and that the determination of liability would have to be made by a trial *de novo*. Upon motion, plaintiff's complaint was dismissed with prejudice. Plaintiff appealed, contending that the de-

termination under the Act was in the nature of a judicial proceeding and must be treated as such in subsequent litigation.

This court reviewed plaintiff's claim in light of sections 11 and 14 of the Act (Ill. Rev. Stat. 1987, ch. 48, pars. 39m—11, 39m—14), and held as follows:

> "We note [section 11], which provides the Department with 'powers,' makes no provision for a judicial determination. The 'attempt' equitably to adjust controversy (section 11(a)) and the power to take assignments of wage claims and prosecute actions for collection of wages (section 11(b)) clearly indicates the absence of judicial or administrative determination powers. Section 11(c) says nothing more than that the claimant, as well as the Department, can proceed in the trial courts.
>
>    \* \* \*
>
> Section 14(b) is the only part of the Act which might indicate the existence of a right of the Director of Labor to make a binding determination. Basically, the Act refers to assisting, representing, and protecting the employee's interests. Representation of the employee and serving as the ultimate fact finder is inconsistent with due process.
>
> Provisions of a statute should be construed in light of the statute as a whole. [Citation.] The Act does not contain provisions for impartial adjudication, nor does it provide review procedures. The criminal provisions in section 14(c) necessarily require any prosecution in the trial courts with the burden of proof of beyond a reasonable doubt being upon the prosecution.
>
> A reasonable interpretation of the Act requires a finding that while certain penalties and interest provisions may run from the Department's initial determination of liability, actual liability, if contested, must be determined by the trial court. The initial determination of the Director of Labor cannot be used to establish liability in the trial court." *Miller*, 198 Ill. App. 3d at 154-55, 555 N.E.2d at 822-23.

■ The *Miller* decision makes it abundantly clear that the Department's proceedings pursuant to the Act are not judicial in nature and, thus, have no preclusive effect in subsequent civil or criminal litigation. Accordingly, we conclude that the trial court erred in dismissing count I of plaintiff's amended complaint.

Reversed.

GREEN and STEIGMANN, JJ., concur.