**Satinder S. REKHI, Plaintiff,**

v.

**WILDWOOD INDUSTRIES, INC., a foreign corporation, Defendant.**

No. 92–1020.

United States District Court,
C.D. Illinois,
Peoria Division.

March 26, 1993.

See also 816 F.Supp. 1308.

Mark Howard, Peoria, IL, for plaintiff.

J. Reed Roesler, Peoria, IL, for defendant.

## MEMORANDUM OPINION

MIHM, Chief Judge.

Pending before the Court is Defendant's Motion for Summary Judgment (# 13), Plaintiff's Motion for Summary Judgment (# 8), and Defendant's Motion to Strike (# 12). For the reasons set forth below, both Motions for Summary Judgment are DENIED. Defendant's Motion to Strike is **GRANTED.**

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of New York; Defendant is incorporated in Delaware and has its principal place of business in Bloomington, Illinois. The amount in controversy exceeds $50,000.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 1986, Plaintiff Santinder S. Rekhi ("Rekhi") entered into a written contract with Defendant Wildwood Industries, Inc. ("Wildwood") for employment as Vice President of Engineering for a term of five

years at an annual salary of $44,800.00 per year. A factual dispute exists regarding the circumstances under which Rekhi's employment ended with Wildwood in August of 1988. Wildwood claims that Rekhi abruptly ended his own employment, thereby violating his contract because (1) he did not provide Wildwood with sixty days notice and (2) he did not finish his projects before he left. Rekhi argues that he was fired. He relies on the findings of the Department of Employment Services ("DES") as proof that he was fired. *See* Plaintiff's exhibits attached to Motion for Summary Judgment. The DES report was generated after a hearing was held to determine whether Rekhi was terminated for misconduct and therefore ineligible for unemployment benefits.

Although the admissibility of the DES evidence is an issue in the Summary Judgment Motion, additional facts gleaned from this report are the following. Rekhi was required to work Monday through Friday and over the weekends when needed. Apparently his boss asked him to work on a particular Sunday when Rekhi had previously planned to host out-of-town guests in conjunction with a religious holiday. According to the report by DES, Wildwood "fired him" because of his unwillingness to work on a Sunday. The Referee determined that Rekhi was not fired for misconduct because his unwillingness to work was "not unreasonable". Wildwood appealed the Referee's November 3, 1988 decision, and the Board of Review of DES affirmed that the Rekhi was not subject to a disqualification of benefits under § 602(a) of the Illinois Unemployment Insurance Act, Ill.Rev.Stat., ch. 48, ¶ 300 *et seq.* (1987).

On December 12, 1988, Rekhi filed a claim with the State of Illinois Department of Labor for $55,770.00 in bonus pay, vacation pay, and severance pay to which he believed he was entitled under his employment contract. On January 11, 1989, the Department of Labor Wage Claims Division wrote a letter to Wildwood Industries informing the company that a claim for payment of wages or final compensation had been filed. The letter instructed Wildwood to either send a check or money order payable to Rekhi for the amount requested or send a written explanation within ten days objecting to the request.

After Wildwood denied that it was indebted to Rekhi for wages, a hearing was set on May 16, 1989. On May 23, 1989, the Hearing Division of the Department of Labor found that the Defendant was indebted to the Plaintiff in the sum of $6,407.90 and issued a wage payment demand to Defendant for that amount.[1] By letter, Wildwood was instructed to issue a certified or cashier's check or money order made payable to Rekhi for that amount within fifteen days or risk default penalties and possible criminal violations pursuant to the Illinois Wage Payment and Collection Act. Ill.Rev.Stat. ch. 48, ¶ 39m–1 *et seq.* (1987) ("the Act").

Wildwood appealed the Department of Labor's decision. On September 13, 1989, the Chief Hearing Officer wrote to Wildwood Industries denying Wildwood's request for a rehearing. He stated that the record showed that Wildwood received a full, fair, and complete hearing and the determination of the Hearing Officer was supported by the evidence presented. *See* Eleventh Circuit Court, McLean County, Order entered July 12, 1990.

Rekhi filed his original Complaint in state court on March 9, 1989. On July 12, 1990, the trial court granted Defendant's Motion to Dismiss Plaintiff's Complaint and determined that the Complaint was barred under the doctrine of *res judicata.* The trial court relied on *Stafford v. Bowling,* 85 Ill.App.3d 978, 41 Ill.Dec. 273, 407 N.E.2d 771 (1980) and found that the Department of Labor has adjudicatory powers and is a competent tribunal to hear and determine wage claims. Count I of Plaintiff's Amended Complaint was dismissed with prejudice.

The Fourth District Appellate Court reversed the trial court on September 30, 1991, 219 Ill.App.3d 312, 162 Ill.Dec. 375, 579 N.E.2d 1189, relying on the holding of *Miller*

1. The Fourth District Appellate Court noted in its decision which reversed the trial court in the state proceeding in this action that an Affidavit filed by Rekhi's wife stated that she had attended the May 16, 1989 hearing and recalled the Hearing Officer's indication "that the claim was only for matters under the Wage Claim Act and matters at issue at the hearing would not include anything regarding the one year's salary."

*v. J.M. Jones Co.,* 198 Ill.App.3d 151, 144 Ill.Dec. 461, 555 N.E.2d 820 (1990). The Court held that the Labor Department's proceedings under the Illinois Wage Payment and Collection Act, Ill.Rev.Stat. ch. 48, ¶ 39m–1 *et seq.* (1987), are not judicial in nature and thus have no preclusive effect in subsequent criminal or civil litigation. Accordingly, the Court reversed the trial court in dismissing Count I of Plaintiff's Amended Complaint.

Plaintiff then voluntarily dismissed the case in favor of a forum in federal court. After the case was filed here, Wildwood filed a Motion to Dismiss, or for a More Definite Statement. Judge Kauffman issued a Recommendation which this Court affirmed. The Motion to Dismiss was denied and the Motion for a More Definite Statement on Count II was allowed. The Order held that Count I and Count III were sufficiently related for jurisdictional purposes. The Court also held that Plaintiff had a right to sue for wages *and penalties* under the Illinois Wage Act cited above.

Subsequently, both Plaintiff and Defendant filed Cross Motions for Summary Judgment on Count I of Plaintiff's Complaint which alleges that Wildwood breached its contract with Rekhi by not paying Rekhi bonus pay, vacation pay, and severance pay after the termination of his employment prior to the end of the five year contract.

## LEGAL DISCUSSION

*Plaintiff's Motion for Summary Judgment on Count I (# 8):*

This Motion presents two issues:

(1) Does the DES determination preclude consideration of Count I under the doctrine of *res judicata?*

(2) Is the determination by DES admissible in this proceeding in light of Ill.Rev. Stat. ch. 41, ¶ 640 § 1900?

The Court will address the second argument first because it is dispositive.

Rekhi argues that as a matter of law, Wildwood terminated him and therefore, pursuant to ¶ 2, sentence 2, of the Employment Contract[2], he is entitled to summary judg-

ment on Count I. Rekhi cites the DES referee's decision that he was not discharged for misconduct:

Here the claimant *was fired* because he could not work on a particular Sunday. Since that was normally his day off and since he had a previous commitment, his actions were not unreasonable. (Emphasis added.)

*See* Plaintiff's Exhibit A. Rekhi contends that, at the time of the hearing in 1989, § 1900 of the Illinois Unemployment Insurance Act, Ill.Rev.Stat. ch. 48, ¶ 640, rendered "information" from the DES proceedings, not the "decision" of the DES Referee, inadmissible in subsequent lawsuits:

Information obtained from any individual or employing unit pursuant to the administration of this Act shall be confidential and shall not be published or be open to public inspection, nor be admissible in evidence in any action or proceeding other than one arising out of the provisions of this Act.

Rekhi relies upon *Colvett v. L. Karp & Sons, Inc.,* 211 Ill.App.3d 731, 570 N.E.2d 611, 156 Ill.Dec. 135 (1st Dist.1991), which held that § 1900 of the Illinois Unemployment Insurance Act did not render *decisions* of DES confidential and inadmissible in any other civil action:

We believe that the legislature intended the term "information" to include all investigative materials received from the parties during DES proceedings. We also believe that a final DES decision based on the evidence may be used in other proceedings in order to defeat attempts to relitigate such decisions.

156 Ill.Dec. at 137–38, 570 N.E.2d at 613–14.

However, on August 13, 1991, the Illinois Legislature amended § 1900 of the Act to expressly prohibit the admissibility of any finding, determination, decision, ruling, or order issued pursuant to the Act. *See* Ill.Rev. Stat. ch. 48, ¶ 640, Sub.Pt.B. Wildwood argues that in this lawsuit, which was filed on January 16, 1992, well after the effective date of this amendment, all DES findings, reports, and information are inadmissible. Wildwood

---

**2.** "If the employer terminates the employment relationship whether for cause or not, prior to

the expiration of the five year term, employee shall receive one year's salary as severance pay."

states that the exclusion of the DES evidence is supported by *Niven v. Siqueira,* 109 Ill.2d 357, 94 Ill.Dec. 60, 487 N.E.2d 937 (1985), where the Illinois Supreme Court held:

A new law which affects only procedure generally applies to litigation pending when the law takes effect. [Citations omitted] The term "procedure" in this context, has a much broader meaning than solely pleading or practice ... *and generally can be said to include rules of* discovery, *evidence,* and privilege (emphasis added).

487 N.E.2d at 941, 94 Ill.Dec. at 64. Therefore, Wildwood requests that all evidence and references relating to the DES proceeding be stricken.

Rekhi replies that, although the Amendment to the Act was effective August 13, 1991, the DES hearing took place in 1989 when the 1989 version of § 1900 was in effect. He states that this change in the law is not merely procedural, and even if it were, the retroactive application of this Amendment to the DES hearing would negatively impact his rights which vested with the final judgment of the DES Board. Rekhi's reply brief fails to specify what those vested rights are and how they are impacted.

■ The Court agrees with Defendant's argument and finds that the express language of the 1991 version of § 1900 of the Illinois Unemployment Act clearly applies to this case and precludes Rekhi's references and exhibits regarding the DES hearing as inadmissible. Defendant's Motion to Strike the DES evidence is granted. Plaintiff's argument completely relies upon the evidence now stricken. Therefore, the Court finds that Plaintiff has failed to establish that he is entitled to summary judgment as a matter of law. Plaintiff's Motion for Summary Judgment is denied.

The parties also address the issue of whether a DES determination has a *res judicata* effect in subsequent litigation. The Court does not reach this issue because all references to and reliance upon the DES determination is stricken as inadmissible pursuant to the 1991 amendment to the Illinois Unemployment Insurance Act (Ill.Rev. Stat. ch. 48, ¶ 640, Subpart B). The revised provision logically eliminates the possibility of a DES determination being considered in subsequent litigation in any manner including its potential *res judicata* effect.

*Defendant's Motion for Summary Judgment on Count I (# 13):*

■ Wildwood argues that it is entitled to summary judgment on Count I because of the *res judicata* effect of the Wage Payment Demand issued by the Department of Labor Fair Labor—Wage Claims Division. After a hearing on May 16, 1989, the Division determined that Wildwood owed Rekhi $6,407.90. Wildwood points to the fact that Rekhi's claim filed with the Illinois Department of Labor was for $55,770.00 (presumably the total amount which he believed he was due for severance pay, bonus pay, and vacation pay combined). Wildwood argues that this hearing constituted a full hearing on the merits and should be given *res judicata* effect barring Count I in the current action. *See Stafford v. Bowling,* 85 Ill.App.3d 978, 41 Ill.Dec. 273, 407 N.E.2d 771 (1st Dist.1980).

Rekhi argues that Wildwood is unable to avoid the "law of the case" which determined that a labor decision on a wage claim is not entitled to preclusive effect. *See Rekhi v. Wildwood Enterprises, Inc.,* 219 Ill.App.3d 312, 162 Ill.Dec. 375, 579 N.E.2d 1189 (4th Dist.1991). Relying on *Miller v. J.M. Jones Co.,* 198 Ill.App.3d 151, 144 Ill.Dec. 461, 555 N.E.2d 820 (4th Dist.1990), the Fourth District Appellate Court reversed the trial court and determined that the administrative determination in the instant case was not judicial in nature and therefore did not have a *res judicata* effect. Rekhi argues that a federal court must not disregard the judgment of an intermediate state appellate court in the absence of persuasive data that the highest court of the state would decide otherwise. *Phelps v. Sherwood Medical Industries,* 836 F.2d 296, 306 (7th Cir.1987).

Wildwood responds that the *Rekhi* decision should be accorded little weight because it misinterpreted the holding of *Miller v. J.M. Jones Co.* It argues that the *Miller* court conceded that § 14(b) of the Wage Payment and Collection Act "might indicate the existence of a right of the [Illinois Department of Labor] to make a binding determination." 555 N.E.2d at 822, 144 Ill.Dec. at 463. Nevertheless; the *Miller* court went on to hold

that the Department of Labor is without the power to make a judicial determination. Wildwood criticizes the holding in *Miller* for allegedly ignored the precedent set in *Stafford v. Bowling,* 85 Ill.App.3d 978, 41 Ill.Dec. 273, 407 N.E.2d 771 (1st Dist.1980). Wildwood contends that *Stafford* held that the Department of Labor has a number of options available to it, including the option of conducting a full-blown proceeding which is judicial in nature, and argues that the wage payment demand hearing at issue in this case was such a proceeding.

The Court agrees with Plaintiff and finds that it may not ignore the law of the case. Wildwood has not presented convincing evidence that the Illinois Supreme Court would determine that the wage demand hearing did have a *res judicata* effect on subsequent proceedings, particularly in light of the holding in *Miller,* where the Fourth District found:

> [a] reasonable interpretation of the Act requires a finding that while certain penalties and interest provisions may run from the Department's initial determination of liability, actual liability, if contested, must be determined by the trial court.

*Miller,* 144 Ill.Dec. at 463, 555 N.E.2d at 822. The Court specifically disagrees with Wildwood's characterization of the holding in *Stafford.* Any comments made by the *Stafford* Court regarding the nature of these hearings was dicta. That case held that the Department of Labor's intervention on behalf of an employee is discretionary under ch. 48, ¶ 39m–1, *et seq.* Therefore, the *Stafford* decision does not diminish the weight of the holding in *Miller, supra,* and the Court denies Defendant's Motion for Summary Judgment.

### CONCLUSION

The wage demand hearing conducted by the Illinois Department of Labor does not have a *res judicata* effect on this proceeding and therefore does not preclude Count I of Rekhi's Complaint. The law of the case as created by the Appellate Court properly relied on the holding in *Miller* and therefore would not be likely to be reversed by the Illinois Supreme Court. Defendant's Motion for Summary Judgment (# 13) is **DENIED.**

Pursuant to Ill.Rev.Stat. ch. 48, ¶ 640, Sub. Pt.B, Defendant's Motion to Strike all references to the DES proceeding contained in Plaintiff's Motion for Summary Judgment is **GRANTED.** Therefore, Plaintiff's Motion for Summary Judgment (# 8) is **DENIED.** The Clerk be directed to refer this back to the Magistrate for further proceedings.